IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KAREEMAH YASMINA BELL,  *<br>          Plaintiff, | |
| | * |
| v. | CIVIL ACTION NO. PJM-06-418 |
| | * |
| GUY LEWIS BOSTON, | |
|           Defendant.   * | |

\*\*\*\*\*\*

## **MEMORANDUM OPINION**

On February 16, 2006, the court received Plaintiff's Complaint, transferred from the United States District Court for the District of Columbia and filed pursuant to 42 U.S.C. § 1983, against Plaintiff's father Guy Lewis Boston.  Paper No. 1.  Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis (Paper No. 2) which shall be granted.

Because Plaintiff has been granted leave to proceed in forma pauperis, this Court may review the claims raised in the Complaint before service of process and dismiss the Complaint *sua sponte* if it has no factual or legal basis.  *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

Plaintiff alleges that her father, a resident of Virginia, came into her home in Largo, Maryland uninvited and called the police to have her arrested.  Plaintiff also alleges that Defendant had her committed to a mental institution in Virginia against her will.

Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, Plaintiff must demonstrate that: (1) she suffered a deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law.  *See West v. Atkins*, 487 U.S. 42,

48 (1988).  Because there is no allegation that the named Defendant, a  private citizen, was acting under color of law, Plaintiff's Complaint  shall be dismissed.

A separate Order reflecting the foregoing opinion shall be entered.

April 6, 2006

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE